Eugene B. ROBICHAUX, Administrator of the Estate of Clara B. Bissell, Plaintiff-Appellant,

v.

GROUP HOSPITAL SERVICE, INC., OF KANSAS CITY, *Defendant-Respondent.*

No. 23973.

Kansas City Court of Appeals.

Missouri.

June 1, 1964.

Thaine Q. Blumer, Blumer & Wright, Kansas City, for appellant.

Max O. Bagby, Harry L. Thomas, Kansas City, for respondent.

SPERRY, Commissioner.

This suit was filed by the administrator of the estate of Mrs. Clara Bissell, deceased, against defendant Corporation, commonly known as "Blue Cross". Plaintiff seeks recovery of $979.55, paid to the Excelsior Springs (Mo.) Hospital, hereafter referred to as hospital, for services rendered deceased and for which it is claimed defendant should have paid under the terms of its "agreement" issued to deceased. Trial was to the Court. Judgment was for defendant and plaintiff appeals.

Defendant offered no evidence. The facts are that plaintiff was the grandson of deceased; that he was also her physician; that deceased entered the hospital, as a regular patient, in 1955, for an "acute" illness; that, after a time, she was transferred from regular service, rendered to patients suffering from an "acute" illness, to a nursing service, rendered to "chronic" patients, under a special contract between plaintiff and the hospital, whereby the agreed charge for the service was $300.00 per month; that the hospital maintained two separate services, one for those acutely ill and one for those requiring nursing care only; that, from that time until the date of her death, March 30, 1960, she was never discharged from the hospital, never left it except for a few hours; that she was, from time to time transferred, on the books of the hospital, from "acute" to "chronic", and from "chronic" to "acute". Plaintiff alleged deceased was transferred to "acute" on January 1, 1958, where she remained until March 30, 1958; that she was again transferred to "acute" August 1, 1958 and remained there until October 20, 1958; that she was transferred to "acute" care March 13, 1959, and transferred to "chronic" May 22, 1959. This suit is based on the last mentioned period, for hospitalization services rendered to deceased while under "acute" care.

There was in evidence an instrument titled "Standard Membership Agreement", in which was set forth the terms of the contract between deceased and defendant. Under section 2 of "Terms and Conditions of the Agreement......Hospital Services and Benefits", there appears the following:

\* \* \* \* \* \*

"1.  IN-PATIENTS: A member, when confined in a member hospital for necessary bed-patient care, other than routine nursery care of the newborn, is entitled to the following:

"a.  NUMBER OF DAYS OF SERVICE: Each member shall be entitled to a maximum period of 70 days of care in member hospitals at full benefits for each continuous period of hospital confinement, or for successive periods of hospital confinement separated by less than 90 days. Such member will again be entitled to like benefit periods *only* when there has been a lapse of *at least 90 days between the date of last discharge from any* hospital and the date of next admission". (Emphasis ours.)

It was not contended below, nor is it contended in the brief filed here, that the above contract, or agreement, existing between defendant and deceased, is ambiguous. That portion of the agreement above quoted defines the terms, conditions, and limitations under which a member may receive hospital benefits. It provides that a member shall, upon being regularly admitted, be entitled, (1), to receive a total of 70 days of care, either in one continuous period or in separate periods, separated by less than 90 days and, (2), will again be entitled to receive like benefit periods *only* when there has been a lapse of *at least 90 days* between the date of last *discharge* from *any* hospital and the date of next admission. In construing this contract between the parties, we will determine the intention of the parties from the language

**876**

used therein, giving such language its plain, usual and ordinary meaning. Liberty Storage Company v. Kansas City Terminal Warehouse Company, Mo.App., 340 S.W.2d 189, 192, 193. The Court cannot alter a contract by construction but must give it the meaning expressed therein, as gathered from the entire instrument. Home Trust Company v. Shapiro, 228 Mo.App. 266, 64 S.W.2d 717–727.

■ In this case, the undisputed facts are that deceased entered the hospital in 1955 and was never, thereafter, *discharged* therefrom. Defendant paid for benefits mentioned in plaintiff's petition except those received by deceased during the period here involved. She was occasionally transferred from one room to another, but she was never discharged prior to her death in 1960. After having received benefits for 70 days in any one 90 day period it is plain, from the language used that she was not entitled to any further benefits until 90 days after her *discharge* from *any* hospital. She was never discharged from the Excelsior Springs Hospital. She was not entitled to the benefits for which plaintiff seeks to have her estate reimbursed.

Plaintiff contends that, since deceased entered the hospital under its "rules and regulations", and since the hospital regularly provided two types of care, as heretofore indicated, such practice would have the effect of modifying the stated terms of the contract. We think not. It was not shown that defendant knew or approved of said practice or consented and agreed to be bound thereby. It was bound only by the clearly stated terms of its "agreement".

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court. All concur.